[Civ. No. 12117. Second Appellate District, Division Two.—March 14, 1939.]

ELLA B. DREESEN, Respondent, v. HELEN RICHARDS, Appellant.

Wayne Compton and William H. Wylie for Appellant.

Joseph S. Campbell for Respondent.

WOOD, J.—This is an appeal by defendant from a judgment based upon a judgment which had been obtained by plaintiff in Allegheny County, Pennsylvania. Plaintiff offered in evidence a document entitled "Exemplification of Record" and containing copies of various proceedings in the Court of Common Pleas of Allegheny County. No other evidence was offered by either party and it is now contended by defendant that the document admitted in evidence was insufficient to justify the judgment which was thereafter entered in the superior court.

The document presented by plaintiff was certified under the seal of the court by William H. Frasher, clerk of the court of common pleas, called the prothonotary, as being "a full and correct copy of the whole record of the case". The document also bears the certificate of Ambrose B. Reid, "President Judge" of the court of common pleas, that said Frasher was at the date of the certification prothonotary of said court, and that the attestation is in due form of law and made by the proper officer. It is also certified by the prothonotary that Ambrose B. Reid was at the date of the certificate duly commissioned and acting president judge of the court. The document covers many pages and sets forth in detail the various proceedings in the court of common pleas, including copies of the complaint and answer on file, called respectively "statement of claim" and "affidavit of defense", the verdict of the jury set forth in full as rendered April 30, 1935, by

which plaintiff was awarded $15,000 compensatory damages and $10,000 punitive damages, and a judgment docket entry showing that judgment was entered on May 6, 1935, in favor of Ella B. Dreesen and against Helen Richards in the sum of $25,000.

We are satisfied that plaintiff has made sufficient compliance with out statutory requirements to justify the judgment in favor of plaintiff. Section 1904 of the Code of Civil Procedure is as follows: "A judicial record is the record or official entry of the proceedings in a court of justice, or of the official act of a judicial officer, in an action or special proceeding." Section 1905 of the Code of Civil Procedure is as follows: "A judicial record of this state, or of the United States, may be proved by the production of the original, or by a copy thereof, certified by the clerk or other person having the legal custody thereof. That of a sister state may be proved by the attestation of the clerk and the seal of the court annexed, if there be a clerk and seal, together with a certificate of the chief judge or presiding magistrate, that the attestation is in due form." Plaintiff offered in evidence a certified copy of the record of all the proceedings in the Pennsylvania court. We see no merit in defendant's contention that the exhibits introduced in evidence do not support the finding of the lower court that a judgment in the sum of $25,000 was rendered in the court of common pleas of Pennsylvania.

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1939.